

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JASON LINDSEY, as Natural Father and Legal Guardian to J.L., an incapacitated person,<br><br>Plaintiff,<br><br>vs.<br><br>SPECIAL K RANCH, INC.,<br><br>Defendant. | CV 18-76-BLG-SPW<br><br>ORDER DISMISSING CASE |

Before the Court is Defendant Special K Ranch's ("Special K") motion to dismiss the case with prejudice for failure to prosecute. (Doc. 14).

On May 1, 2018, Plaintiff Jason Lindsey filed a complaint against Special K. (Doc. 1). Special K filed its answer on May 29, 2018. (Doc. 5). Special K did not file a counterclaim. The Court scheduled a preliminary pretrial conference for August 24, 2018. (Docs. 4 and 7). On June 22, 2018, Lindsey fired his attorneys. (Doc. 8 at 2; Doc. 12). Lindsey's former attorneys formally withdrew from the case on August 9, 2018. (Doc. 12). At the time, Lindsey's former attorneys

1

advised the Court that Lindsey had been difficult to locate and/or contact. (Doc. 12-1). On August 10, 2018, the Court ordered Lindsey to obtain new counsel or file notice of his intent to proceed pro se within 60 days. (Doc. 13). Lindsey failed to respond to the Court's order.

A defendant may move to dismiss an action if the plaintiff fails to prosecute its claim. Fed. R. Civ. P. 41(b). When deciding whether to dismiss an action for failure to prosecute, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

The first and fourth factors counteract each other. Under the second factor, the Court has an extremely busy criminal docket. Under the third factor, Special K has diligently attempted to litigate the case and is prejudiced by delay. Under the fifth factor, the Court has considered the availability of less drastic sanctions, such as money sanctions, but given Lindsey's seeming lack of interest in prosecuting his case, the Court is unconvinced money sanctions would serve any purpose. The weighing of the five factors therefore favors dismissal.

However, the Court finds dismissal without prejudice is more appropriate

under these circumstances. A dismissal without prejudice "is a more easily justified sanction for failure to prosecute," and "[a] relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *McDermott v. Palo Verde Unified School Dist.*, 638 Fed.Appx. 636, 637-638 (9th Cir. 2016) (citing *Ash*, 739 F.2d at 497). A dismissal without prejudice upholds the public policy of favoring disposition of cases on their merits, since it permits re-filing within the applicable statute-of-limitations period. *McDermott*, 638 Fed.Appx at 638 (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)). Furthermore, to prevent prejudice to Special K, Rule 41(d) allows the Court to order Lindsey to pay all or part of the costs of this action before permitting him to proceed in a subsequent action against Special K based on the same circumstances as here. Should Lindsey re-file his complaint at a future date, the Court will entertain a Rule 41(d) motion from Special K.

The case is dismissed without prejudice.

DATED this 20th day of November, 2018.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge

3